UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| CHINEDU EKUKINAM, <br><br> Plaintiff, <br><br> v. <br><br> STATE COLLECTION SERVICE, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-00258 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHINEDU EKUKINAM ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of STATE COLLECTION SERVICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Western District of Wisconsin.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant promotes itself as "experts in healthcare receivables."[1] Defendant is a corporation organized under the laws of the State of Wisconsin with its principal place of business located at 2509 S. Stoughton Road, Madison, Wisconsin.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon an outstanding medical debt ("subject debt") that Plaintiff allegedly owed.

9. Around September of 2020, Plaintiff began receiving automated text messages to his cellular phone, (785) XXX-2424, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2424. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used a variety of phone numbers when sending automated text messages to Plaintiff's cellular phone, including but not limited to (518) 405-6115, (510) 330-4778, (231) 598-6953, (515) 209-3720, and (520) 200-3583 but upon belief, Defendant has used other numbers as well.

---

[1] https://www.statecollectionservice.com/who-we-are/

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. In or around February of 2021, Plaintiff called Defendant and demanded that it cease all communications with him.

14. A few days after Plaintiff's initial demands that the Defendant cease contacting him, he called Defendant again to confirm that his account had been properly updated to reflect his demand.

15. Despite Plaintiff's demands and despite Defendant's representations that all communications would cease, Plaintiff has continued to receive automated text messages from Defendant.

16. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies receiving unwanted automated collection text messages, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Defendant violated §1692d when it continued sending automated text messages to Plaintiff after Plaintiff had demanded that Defendant cease contacting him. Upon receiving such request to cease communications, Defendant had more than enough information to know to cease contacting Plaintiff. However, Defendant nevertheless persisted in its conduct in sending automated text messages to Plaintiff. This repeated behavior of systematically sending automated text messages from different phone numbers to Plaintiff's cellular phone, in spite of Plaintiff's demands, is conduct which had the natural consequence of harassing and abusing Plaintiff.

    b. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant continued to send automated text messages from different phone numbers to Plaintiff's cellular phone in a deceptive attempt to force him to respond and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

29. Defendant further violated § 1692e and e(10) when it falsely and deceptively represented to Plaintiff that the automated text messages would cease, when in fact, the automated text messages continued. Defendant's false representations as to the continuing nature of its debt collection activities is in direct violation of the FDCPA's prohibition against any false, deceptive, or misleading representations made in connection with Defendant's efforts to collect the subject debt from Plaintiff.

    c. **Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuing to send automated test messages to Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by sending multiple automated text messages without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

32. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHINEDU EKUKINAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Upon information and belief, Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. Specifically, upon information and belief, the system which Defendant utilized to generate the automated text messages delivered to

Plaintiff's cellular phone has the capacity to sequentially generate numbers, and place automated texts to such numbers.

36. Upon information and belief, Defendant's text messaging platform has the capacity to, from the stored list of numbers Defendant seeks to contact on any given day, sequentially generate the numbers it would place text messages to, and subsequently deliver such sequentially generated numbers and desired automated text message. Upon information and belief, Defendant's text messaging system, through its sequential and automated generation of numbers to be contacted, lacks the ability to process opt-out requests, reinforcing the fact that the numbers are sequentially generated without any consideration for the cease all contact status on Plaintiff's account.

37. Defendant violated the TCPA by continuing to send text messages to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to the original creditor of the subject debt, which Defendant will likely assert transferred down, was subsequently revoked by his demands that it cease contacting him via text messages.

38. The text messages placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per text message. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant of his demands to cease contacting him, Defendant unlawfully continued placing unwanted collection text messages to Plaintiff's cellular phone. Accordingly, Defendant had knowledge of Plaintiff's request and information, but knowingly and intentionally continued to place text messages to his cellular phone.

WHEREFORE, Plaintiff, CHINEDU EKUKINAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per text message and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 19, 2021						Respectfully submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com